# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed:  September 9, 2020

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| ALIYAH ANDERSON, | * | No. 16-1099V |
| | * | Special Master Sanders |
| Petitioner, | * | |
| | * | UNPUBLISHED |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

<u>Richard Gage</u>, Richard Gage, P.C., Cheyenne, WY, for Petitioner;
<u>Julia M. Collison</u>, United States Dep't of Justice, Washington, DC, for Respondent.

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On September 2, 2016, Aliyah Anderson ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §300aa-10 et seq. (2012). Petitioner alleged that the Tdap vaccine she received on September 17, 2013, caused her to suffer nerve damage to the ulnar nerve in her left arm. On January 23, 2020, the parties filed a stipulation, which the undersigned adopted as her decision awarding compensation on the same day. ECF No. 74.

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On March 25, 2020, Petitioner filed a motion for attorneys' fees and costs. ECF No. 79 ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of $64,645.32, representing $46,280.30 in attorneys' fees and $18,365.02 in attorneys' costs. Fees App. at 4. Pursuant to General Order No. 9, Petitioner states that she has not incurred any out-of-pocket expenses related to this litigation. *Id.* at 93. Respondent responded to the motion on March 26, 2020, stating that Respondent "is satisfied that the statutory requirements for an award of attorneys' fees and costs are met in this case" and asking the Court to "exercise its discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2-3, ECF No. 80. Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

## I.     Reasonable Attorneys' Fees and Costs

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is a two-step process. *Id.* First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" Saxton, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

Special masters can reduce a fee request *sua sponte*, without providing petitioners notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (Fed. Cl. 2009). When determining the relevant fee reduction, special masters need not engage in a line-by-line analysis of petitioners' fee application. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011). Instead, they may rely on their experience with the Vaccine Program to determine the reasonable number of hours expended. *Wasson v. Sec'y of Dep't of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1991), *rev'd on other grounds and aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to

reduce hourly rates and the number of hours claimed in attorney fee requests ... Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

### a. Hourly Rate

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015–2016, 2017, 2018, 2019, and 2020 can be accessed online.[3]

Petitioner requests the following hourly rates for the work of her counsel: for Mr. Richard Gage, $311.00 per hour for work performed in 2016, $318.00 per hour for work performed in 2017, $326.00 per hour for work performed in 2018, $339.00 per hour for work performed in 2019, and $350.00 per hour for work performed in 2020; for Ms. Kristen Blume, $270.00 per hour for work performed in 2018, $338.00 per hour for work performed in 2019, and $350.00 per hour for work performed in 2020; for Mr. Donald Gerstein, $251.00 per hour for work performed in 2016 and 2017; and for Ms. Kristen Reiman, $150.00 per hour for work performed in 2017 and 2018.

Ms. Blume's hourly rate for 2018 exceeds what she has previously been awarded. *See, e.g.*, *Williams v. Sec'y of Health & Human Servs.*, No. 15-1224V, 2019 WL 7482148, at *2 (Fed. Cl. Spec. Mstr. Dec. 2, 2019); *Ellis v. Sec'y of Health & Human Servs.*, No. 13-336V, 2019 WL 3315326, at *7 (Fed. Cl. Spec. Mstr. Jun. 24, 2019). The undersigned shall compensate her time in 2018 at $251.00 per hour, resulting in a reduction of $36.10.

### b. Reasonable Number of Hours

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera,* 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton,* 3 F.3d at 1521 (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983)).

After reviewing the billing records, the undersigned finds that counsel included entries that are duplicative and excessive due to attorneys and paralegals billing for reviewing the same orders and attending the same conferences/office meetings. Upon review, a reasonable reduction for these hours is $500.00.

Also concerning are the billing entries from Mr. Gerstein. Mr. Gerstein has several entries in which he billed an excessive amount of time to file documents and also charged attorney (rather than paralegal) rates to do so. Fees App. at 49 (entries on 9/1/16, 11/14/16, 3/15/17 among others in which he billed 0.4 hours to file documents). Excessive time was also billed on preparation of

---

[3] The OSM Fee Schedules are available at: http://www.cofc.uscourts.gov/node/2914. The hourly rates contained within the schedules are updated from the decision in *McCulloch*, 2015 WL 5634323.

routine filings such as status reports. Upon review, a ten percent reduction to Mr. Gerstein's billed time is necessary, resulting in a reduction of $768.06.

Petitioner is therefore awarded final attorneys' fees of $44,976.14.

### c. Attorney Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.,* 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $18,365.02 in attorneys' costs, comprised of acquiring medical records, postage, the Court's filing fee, and work performed by Petitioner's experts, Dr. Marcel Kinsbourne and Dr. G. Russell Huffman. Fees App. at 70-71. Petitioner has provided adequate documentation of all these expenses and they appear reasonable for the work performed in this case. Petitioner is therefore awarded the full amount of costs sought.

## II. Conclusion

In accordance with the Vaccine Act, 42 U.S.C. §15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs, other than the reductions delineated above, is reasonable. Based on the above analysis, the undersigned finds that it is reasonable to compensate Petitioner and her counsel as follows:

| Attorneys' Fees Requested | $46,280.30 |
|---|---|
| (Reduction to Fees) | - ($1,304.16) |
| **Total Attorneys' Fees Awarded** | **$44,976.14** |
| | |
| Attorneys' Costs Requested | $18,365.02 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$18,365.02** |
| | |
| **Total Attorneys' Fees and Costs** | **$63,341.16** |

**Accordingly, the undersigned awards a lump sum in the amount of $63,341.16, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable to Petitioner and Petitioner's counsel, Mr. Richard Gage.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[4]

**IT IS SO ORDERED**.

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

s/Herbrina D. Sanders<br>
Herbrina D. Sanders<br>
Special Master